## MUTUAL AGREEMENT TO INDIVIDUALLY ARBITRATE DISPUTES

It is the goal of **INPAX FINAL MILE DELIVERY INC** (the "Company") to provide you (the "Employee") with a rewarding work environment. Disputes related to work can arise, however, and, if not resolved informally, can be disruptive, costly, and time consuming to resolve. Arbitration is an alternative to the traditional lawsuit and may resolve disputes more quickly and with less cost. In a traditional lawsuit, issues are resolved in court by a judge or a jury. In arbitration, issues are resolved outside of court by an independent third-party, known as an arbitrator.

**MANDATORY ARBITRATION.** THE EMPLOYEE AND COMPANY AGREE THAT ANY COVERED CLAIM (DEFINED BELOW), WHETHER BASED IN CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION OR ANY OTHER LEGAL OR EQUITABLE THEORY, SHALL BE SUBMITTED TO BINDING ARBITRATION.

**Covered Claims.** Except as explained in the section "Claims Not Covered" below, this Mutual Agreement to Individually Arbitrate Disputes (this "Agreement") covers all past, current, and future grievances, disputes, claims, issues, or causes of action (collectively, "claims") under applicable federal, state or local laws, arising out of or relating to (a) Employee's application, hiring, hours worked, services provided, and/or employment with the Company or the termination thereof, and/or (b) a Company policy or practice, or the Company's relationship with or to a customer, vendor, or third party, including without limitation claims Employee may have against the Company and/or any Covered Parties (defined below), or that the Company may have against Employee.

The claims covered by this Agreement include, but are not limited to claims asserted under or relating to: (i) Title VII of the Civil Rights Act of 1964 and similar state statutes; (ii) Age Discrimination in Employment Act and similar state statutes; (iii) Fair Labor Standards Act or similar state statutes; (iv) Family and Medical Leave Act or similar state statutes; (v) Americans with Disabilities Act or similar state statutes; (vi) injuries you believe are attributable to the Company under theories of product liability, strict liability, intentional wrongdoing, gross negligence, negligence, or *respondeat superior*; (vii) actions or omissions of third parties you attribute to the Company; (viii) claims brought pursuant to actual or alleged exceptions to the exclusive remedy provisions of state workers compensation laws; (ix) Consolidated Omnibus Budget Reconciliation Act of 1985; (v) federal and state antitrust law; (xi) issues regarding benefits, bonuses, wages, co-employment, or joint employment; (xii) contracts between you and the Company; (xiii) personal or emotional injury to you or your family; (xiv) federal, state, local, or municipal regulations, ordinances, or orders; (xv) any common law, or statutory law issues relating to discrimination by sex, race, age, national origin, sexual orientation, family or marital status, disability, medical condition, weight, dress, or religion or other characteristic protected by applicable law; (xvi) wrongful retaliation of any type, including retaliation related to workers' compensation laws or employee injury benefit plan actionable at law or equity; and (xvii) misappropriation of confidential information or other acts or omissions by you.

The Employee and the Company each specifically acknowledges and agrees that all claims for overtime, unpaid wages, expense reimbursement, wage statements, and claims involving meal and rest breaks shall be subject to arbitration under this Agreement.

The Employee and the Company each specifically acknowledges and agrees that any claims brought by the Employee against any of the Covered Parties, whether brought jointly or severally with claims against the Company, shall be subject to arbitration under this Agreement. "Covered Parties" means the Company, any entity formerly or currently owned, affiliated,

controlled or operated by the Company (a "company entity"), clients of the Company or a company entity, and the former and current officers, directors, managers, employees, owners, attorneys, agents, and vendors of the Company and/or a company entity and/or clients of the Company.

**Claims Not Covered.** This Agreement does not apply to: (i) Claims for workers' compensation or unemployment benefits; (ii) claims expressly precluded from being arbitrated by a governing federal statute; (iii) Claims that must be brought before the National Labor Relations Board ("NLRB"); (iv) claims for any relief asserted under or governed by the Employee Retirement Income Security Act of 1974 ("ERISA") (the resolution of ERISA claims will be governed by the terms of the applicable plan and/or applicable law); (v) actions to confirm, vacate, modify, or correct an arbitrator's award; (vi) sexual harassment or sexual assault claims, except if the Employee chooses to submit them to arbitration under the terms of this Agreement; and (vii) nothing in this Agreement prohibits the filing any claim or charge with a government administrative agency (for example, the Equal Employment Opportunity Commission, NLRB, Securities and Exchange Commission, or a similar state regulatory agency). To the extent such a claim is not resolved before the agency, it is subject to arbitration under this Agreement rather than proceeding in court.

**Waiver of Class, Collective, Consolidated and Representative Action Claims.** Each of the Employee and the Company expressly intends and agrees, to the absolute maximum extent permitted by law, that: (a) class action, collective action, or consolidated action procedures are hereby waived and shall not be asserted in arbitration or in court, nor will they apply in any arbitration pursuant to this Agreement; (b) representative action procedures are hereby waived and shall not be asserted in arbitration or in court, nor will they apply in any arbitration pursuant to this Agreement; (c) each will not assert class action, collective action, consolidated action or representative action claims against the other in arbitration or court or otherwise; and (d) the Employee and the Company shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person. No arbitrator selected to arbitrate any claim covered by this Agreement is authorized to arbitrate any claim on a class, collective, consolidated, or representative basis.

Notwithstanding any provision in the applicable arbitration rules, a court of law must resolve any dispute concerning the validity and enforceability of the Agreement, and the validity enforceability or interpretation of the provisions pertaining to class, collective, and representative action waivers. The arbitrator must resolve all other disputes, including the arbitrability of claims pursuant to such other provisions.

**Neutral Arbitrator.** The arbitration will be administered by an independent and neutral arbitrator from the American Arbitration Association ("AAA") in accordance with the AAA Employment Arbitration Rules and Mediation procedures ("AAA Rules") available online at www.adr.org/employment (or to be provided upon request). If, however, the AAA Rules are inconsistent with the terms of this Agreement, the terms of this Agreement shall govern. The arbitrator has no relationship with the Company and, just as a judge in a lawsuit would, provide an impartial resolution to the dispute. The arbitrator will be selected by mutual agreement of the parties from a list of arbitrators provided by the AAA. If for any reason the AAA will no administer the arbitration, the party seeking arbitration may initiate the arbitration with JAM (www.jams.adr) or other recognized arbitration services provider.

**Claims Procedure.** A demand for arbitration must be in writing and delivered by certified registered mail, return receipt requested, to the Company's [NAME OF PERSON C

POSITION] at [ADDRESS] ("Notice Address"). Written notice of the Company's claim will be delivered by certified or registered mail, return receipt requested, to the last known address of Employee. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. Written notice of arbitration shall be initiated within the same time limitations that federal or state law applies to those claim(s).

**Arbitration Fees and Costs.** The Employee will pay $200 towards any arbitration filing fee, and the Company will pay all other arbitration filing fees as well as the arbitrator's fees. If any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the party can recover attorneys' fees and costs to the same extent as if the claim had been brought in court. Any dispute as to the reasonableness of any fee or cost shall be resolved by the arbitrator.

**Applicable Law and Effect of Decisions.**

- Interpretation and Enforcement of the Agreement: The Federal Arbitration Act ("FAA") and federal common law applicable to arbitration shall govern the interpretation and enforcement of this Agreement. If, for any reason, the FAA or federal common law is found not to apply to this Agreement (or its agreement to arbitrate), then applicable state law shall govern.

- Pre-hearing Motions: Only claims that are recognized under existing law may be heard by the arbitrator. Any party to the arbitration shall have the right to file a motion to dismiss and/or a motion for summary judgment, which the arbitrator shall decide by application of the standards under the Federal Rules of Civil Procedure governing such motions.

- Substantive Law: The arbitrator shall apply the substantive state or federal law (and the law of remedies, if applicable) applicable to the claim(s) asserted.

- Written Decisions and Awards: The arbitrator shall render a written decision explaining his or her findings and conclusions. The arbitrator's decision shall be final and binding upon the parties to the arbitration, subject only to review under the FAA (or applicable state law).

- No Preclusive Effect: The arbitrator's decisions and awards shall have no preclusive effect as to issues or claims in any other arbitration or court proceeding, unless all of the parties in the other proceeding were also a named party in the arbitration in which the award or decision was issued.

**Severability.** If any provision of this Agreement to arbitrate is adjudged to be void or otherwise unenforceable, in whole or in part, the void or unenforceable provision shall be severed and such adjudication shall not affect the validity of the remainder of this Agreement to arbitrate. The only exception is that this Agreement is not, and shall never be construed as, reformed to be, or enforced as if it were, an agreement to arbitrate claims on a class, collective, consolidated, or representative basis. Stated differently, under no circumstance will a claim be allowed to proceed in arbitration as a class action, collective action, consolidated action, or representative action.

**Waiver of Trial by Jury.** Each of the Employee and the Company understands and fully agrees that by entering into this Agreement to arbitrate, each agrees to resolve all claims through arbitration and is giving up the right to have a trial by jury and the right of appeal

National form

proceeding, if Employee: (A) files any document containing the trade secret under seal; and (B) does not disclose the trade secret, except pursuant to court order.

3. **Publicity**. The Employee hereby consents to any and all uses and displays, by the Company and/or its clients of the Employee's name, voice, likeness, image, appearance and biographical information in, on or in connection with any pictures, photographs, audio and video recordings, digital images, websites, television programs and advertising, other advertising, sales and marketing brochures, books, magazines, other publications, CDs, DVDs, tapes and all other printed and electronic forms and media throughout the world, at any time during or after the period of his/her employment by the Company, for all legitimate business purposes of the Company ("Permitted Uses"). Employee hereby forever releases the Company and its directors, officers, employees and clients from any and all claims, actions, damages, losses, costs, expenses and liability of any kind, arising under any legal or equitable theory whatsoever at any time during or after the period of his/her employment by the Company, in connection with any Permitted Use.

4. **Acknowledgement**. The Employee acknowledges and agrees that the Employee will obtain knowledge regarding the Company's and/or its clients' methods of doing business and marketing strategies by virtue of the Employee's employment; and that the terms and conditions of this Agreement are reasonable under these circumstances. The Employee further acknowledges that the amount of his/her compensation reflects, in part, his/her obligations and the Company's rights under this Agreement; that he/she has no expectation of any additional compensation, royalties or other payment of any kind not otherwise referenced herein in connection herewith; that he/she will not be subject to undue hardship by reason of his/her full compliance with the terms and conditions of this Agreement or the Company's enforcement thereof; and that this Agreement is not a contract of employment and shall not be construed as a commitment by either the Company or Employee to continue an employment relationship for any certain period of time. **Nothing in this Agreement shall be construed to in any way terminate, supersede, undermine or otherwise modify the "at-will" status of the employment relationship between the Company and the Employee, pursuant to which either the Company or the Employee may terminate the employment relationship at any time, with or without cause, with or without notice.**

5. **Governing Law; Arbitration**. This Agreement, for all purposes, shall be construed in accordance with the laws of [STATE] without regard to conflicts-of-law principles. Any action or proceeding to enforce this Agreement shall be brought in arbitration pursuant to the Mutual Agreement to Individually Arbitrate Disputes.

6. **Modification and Waiver**. No provision of this Agreement may be amended or modified unless such amendment or modification is agreed to in writing and signed by the Employee and by the President/CEO of the Company (other than the Employee). No waiver of any breach of any condition or provision of this Agreement shall be deemed a waiver of any similar or dissimilar provision or condition at the same or any prior or subsequent time, nor shall the failure of or delay by either the Company or Employee in exercising any right, power or privilege hereunder operate as a waiver thereof to preclude any other or further exercise thereof or the exercise of any other such right, power or privilege.

7. **Severability**. Should any provision of this Agreement be held by an arbitrator or court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement