**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SCOTT OBERG and WILLIAM WUNSCH, on behalf of themselves and all others similarly situated, | Case No. 1:19-cv-01100 |
| | Judge Solomon Oliver, Jr. |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFFS' SECOND AMENDED COMPLAINT** |
| INPAX SHIPPING SOLUTIONS INC; INSS, LLC; INPAX FINAL MILE DELIVERY INC; and LEONARD WRIGHT, | |
| Defendants. | |

**DEFENDANTS INPAX SHIPPING SOLUTIONS INC., INSS LLC, INPAX FINAL MILE DELIVERY INC, AND LEONARD WRIGHT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOW COME Defendants, Inpax Shipping Solutions Inc., INSS, LLC, Inpax Final Mile Delivery Inc., and Leonard Wright (collectively, "Defendants") by and through their attorneys Kaufman Dolowich & Voluck, LLP, and herein submit their Answer to Plaintiffs' Second Amended Complaint. In support thereof, Defendants state as follows:

**INTRODUCTION**

1.      Defendants Inpax Shipping Solutions, Inc., INSS, LLC, and Inpax Final Mile Delivery, Inc. ("Defendants") failed to pay Plaintiffs Scott Oberg, William Wunsch and other

1

Delivery Drivers at least the minimum wage for all hours worked; calculated overtime wages incorrectly; and failed to pay all overtime due. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 USC 203(m)(2) & (t); 29 CFR 531.59. On behalf of themselves and all other similarly situated employees, Oberg and Wunsch bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Collective Class Members."

**ANSWER: The allegations contained in Paragraph 1 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants admit only that Plaintiffs Scott Oberg ("Oberg") and William Wunsch ("Wunsch") (collectively, "Plaintiffs") purport to bring this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b) and purport to refer to putative members of same as the "FLSA Collective Class Members." Defendants deny that this Lawsuit is properly brought as a collective action under the FLSA, 29 U.S.C. § 216(b) and that they violated the Fair Labor Standards Act (the "FLSA"), and further deny all remaining allegations in this Paragraph.**

## PARTIES

### (Plaintiffs and the putative class)

2.      Oberg is an individual residing in Cuyahoga County, Ohio. Oberg performed work for Defendants within the last three years for which he did not receive the minimum wage or the proper overtime wages guaranteed by the FLSA. Oberg's signed consent to sue form will be filed within the next twenty-one (21) days.

2

**ANSWER:    Defendants lack knowledge of the allegations made in Paragraph 2 of the Second Amended Complaint and demand strict proof thereof. The allegations in this Paragraph contain legal conclusions to which no response is needed. Defendants admit only that Oberg performed certain work within the last three years, for which he was properly paid by INSS, LLC. Defendants deny all other allegations in this Paragraph.**

3.    Wunsch is an individual residing in Cuyahoga County, Ohio. Oberg performed work for Defendants within the last three years for which he did not receive the minimum wage or the proper overtime wages guaranteed by the FLSA. Wunsch's signed consent to sue form will be filed within the next twenty-one (21) days.

**ANSWER:    Defendants lack knowledge of the allegations made in Paragraph 3 of the Second Amended Complaint and demand strict proof thereof. The allegations in this Paragraph contain legal conclusions to which no response is needed. Defendants admit only that Wunsch performed certain work within the last three years, for which he was properly paid by INSS, LLC. Defendants deny all other allegations in this Paragraph.**

4.    The FLSA Collective Class Members are all current and former Delivery Drivers and/or "Delivery Associates," or employees in substantially similar positions and/or with similar job titles, that worked for Defendants at any time during the three-year period before the filing of this Complaint to present who were not paid all minimum wages and overtime wages due, to include opt-ins Sheldon Robinson and Terance Butler.

**ANSWER:    The allegations contained in Paragraph 4 of the Second Amended Complaint contain legal conclusions to which no response is required. Notwithstanding the**

3

foregoing, **Defendants admit that Plaintiffs purport to bring this lawsuit as a collective action but deny that a collective is properly certifiable in this case, deny that Plaintiffs have properly alleged any claims or that Plaintiffs are entitled to any relief, and further deny that any alleged putative collective class members are similarly situated to Plaintiffs or each other. Defendants deny the remaining allegations in this Paragraph.**

### (The Inpax Defendants)

5.     Inpax Shipping Solutions, Inc., ("Inpax") is a for-profit corporation organized under the laws of the State of Georgia, and who maintains offices in Cincinnati, Ohio and whom operates in Ohio.

**ANSWER:   Defendants admit that Inpax Shipping Solutions Inc. ("Inpax Shipping") is a for-profit corporation formed under the laws of the State of Georgia. Defendants deny that Inpax Shipping maintains its own offices in Cincinnati. Defendants further deny that the allegations in Paragraph 5 of the Second Amended Complaint fully or accurately describe Inpax Shipping.**

6.     INSS, LLC is a for-profit corporation organized under the laws of the State of Ohio, and who maintains offices in Cincinnati, Ohio.

**ANSWER:   Defendants admit that INSS, LLC is a for-profit limited liability company formed under the laws of the State of Georgia, but deny that INSS, LLC maintains offices in Cincinnati, Ohio. Defendants further deny that the allegations in Paragraph 6 of the Second Amended Complaint fully or accurately describe INSS, LLC.**

7.    Inpax Final Mile Delivery, Inc. ("Inpax Final Mile") is a for-profit corporation organized under the laws of the State of Georgia and whom operates in Ohio.

**ANSWER:    Defendants admit that Inpax Final Mile Delivery Inc. ("Inpax Final Mile") is a for-profit corporation formed under the laws of the State of Georgia but deny that Inpax Final Mile operates in Ohio. Defendants further deny that the allegations in Paragraph 7 of the Second Amended Complaint fully or accurately describe Inpax Final Mile.**

8.    Inpax, INSS, and Inpax Final Mile are hereinafter referred to collectively as the "Inpax Defendants"

**ANSWER:    Defendants deny that the allegations in Paragraph 8 of Plaintiffs' Second Amended Complaint require a response at all.**

9.    At all times referenced herein, Defendants jointly exercised control over the employment of Oberg, Wunsch, and those similarly-situated.

**ANSWER:    The allegations contained in Paragraph 9 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants admit only that Oberg and Wunsch were employed by INSS, LLC. To the extent that a further response is required, Defendants deny the allegations in this Paragraph.**

10.    At all times referenced herein, Defendants jointly had the power to hire and fire Oberg, Wunsch, and those similarly-situated.

**ANSWER:    The allegations contained in Paragraph 10 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants admit**

5

only that Oberg and Wunsch were employed by INSS, LLC. To the extent that a further response is required, Defendants deny the allegations in this Paragraph.

11.    At all times referenced herein, Defendants jointly supervised the schedules of Oberg, Wunsch, and those similarly-situated.

**ANSWER:    The allegations contained in Paragraph 11 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants admit only that INSS, LLC issued certain work schedules to Wunsch and Oberg. To the extent that a further response is required, Defendants deny the allegations in this Paragraph.**

12.    At all times referenced herein, Defendants jointly determined how Oberg, Wunsch, and those similarly-situated would be paid.

**ANSWER:    The allegations contained in Paragraph 12 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants admit only that INSS, LCC made certain payments to Wunsch and Oberg. To the extent that a further response is required, Defendants deny the allegations in this Paragraph.**

13.    At all times referenced herein, Defendants jointly maintained employment records for Oberg, Wunsch, and those similarly-situated.

**ANSWER:    The allegations contained in Paragraph 13 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants admit only that INSS, LLC maintained certain employment records regarding Wunsch and Oberg. To the extent that a further response is required, Defendants deny the allegations in this Paragraph.**

6

14.     At all times referenced herein, Defendants jointly employed Oberg, Wunsch, and those similarly-situated.

**ANSWER:     The allegations contained in Paragraph 14 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants only admit that INSS, LLC employed Wunsch and Oberg. To the extent that a further response is required, Defendants deny the allegations in this Paragraph.**

15.     Upon information and belief, Inpax, INSS, and Inpax Final Mile all maintain their principal offices at same location, 2444 Forrest Park Rd SE, Atlanta, Georgia 30315.

**ANSWER:     Defendants admit the allegations in Paragraph 15 of the Second Amended Complaint.**

16.     Upon information and belief, Inpax, INSS, and Inpax Final Mile are all controlled by Inpax's president, owner, and CEO, Leonard Wright.

**ANSWER:     The allegations contained in Paragraph 16 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

17.     Upon information and belief, Wright controlled the actions of Inpax Ohio at all times referenced herein.

**ANSWER:     The allegations contained in Paragraph 17 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants deny the remaining allegations in this Paragraph.**

18.     At all times referenced herein, Inpax, Inpax Ohio, INSS, and Inpax Final Mile jointly employed Oberg, Wunsch, and those similarly-situated as to constitute an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:     The allegations contained in Paragraph 18 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

### (Individual Defendants)

19.     Upon information and belief, Wright is a resident of Georgia.

**ANSWER:     Defendants admit that Wright is a resident of Georgia.**

20.     Wright is and was at all times referenced herein the president, owner, and/or Chief Executive Officer of Inpax Shipping Solutions.

**ANSWER:     Defendants admit that Wright is the Chief Executive Officer, President, and an owner of Inpax Shipping but denies that the allegations set forth in this Paragraph fully or accurately describe Wright.**

21.     At all times referenced herein, Wright supervised and/or controlled Plaintiffs and the putative class' employment with the Inpax Defendants, controlled the day to day operations of the Inpax Defendants, to include their compensation policies and practices, and acted directly or indirectly in the interest of the Inpax Defendants in relation to their employees, and was an employer within the meaning of section 3(d) of the FLSA.

**ANSWER:** The allegations contained in Paragraph 21 contain legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.

## PERSONAL JURISDICTION

22. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

**ANSWER:** The allegations contained in Paragraph 22 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants also lack knowledge of the allegations contained in this Paragraph and therefore demand strict proof thereof. Defendants only admit that they contracted with Amazon and operated in Ohio. To the extent a further response is required, Defendants deny the allegations in this Paragraph.

23. Oberg, Wunsch, and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendants pursuant to work performed in this district and/or were hired out of this district.

**ANSWER:** The allegations contained in Paragraph 23 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this Paragraph.

24. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

**ANSWER:** The allegations contained in Paragraph 24 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent that a further response is required, Defendants deny the allegations in this Paragraph.

## SUBJECT MATTER JURISDICTION AND VENUE

25. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**ANSWER:** The allegations contained in Paragraph 25 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this Paragraph.

26. Venue is proper in this District because at the time of the FLSA violations at issue, Defendants did a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

**ANSWER:** The allegations contained in Paragraph 26 of the Second Amended Complaint contain legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this Paragraph.

## COVERAGE

27. At all times referenced herein, Inpax, INSS, and Inpax Final Mile formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling,

selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

**ANSWER:**   **The allegations contained in Paragraph 27 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph. Defendants expressly deny that the allegations in this Paragraph fully or accurately describe the FLSA, or any of the Defendants to this Lawsuit.**

28.    At all times material to the Complaint, Oberg and those similarly-situated directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by regularly and recurrently delivering Amazon.com packages from outside of Ohio to customers homes and businesses in Ohio.

**ANSWER:**   **The allegations in Paragraph 28 of the Second Amended Complaint constitute legal conclusions to which no response is required. Defendants admit only that at certain times, Oberg delivered certain packages to certain locations in Ohio. To the extent a further response is required, Defendants deny all remaining allegations in this Paragraph.**

## FACTS

### (Facts Pertaining To Defendants; Their Business Model And Compensation Practices; And Violations Of The FLSA).

29.    At all times referenced herein, Defendants operated an Amazon delivery service.

11

**ANSWER:**    Defendants deny that the allegations contained in Paragraph 29 of the Second Amended Complaint fully or accurately describe each of the Defendants. Defendants admit only that Inpax Shipping, INSS, LLC, and Inpax Final Mile were entities operating in the field of logistics and at certain times, one or more of the Defendants contracted with Amazon. To the extent a further response is required, Defendants deny all remaining allegations in this Paragraph.

30.    Defendants would receive packages ordered by end-users from Amazon and distribute those packages locally to their intended recipients via Delivery Drivers and/or "Delivery Associates," who operate vans and trucks maintained owned and maintained by Defendants.

**ANSWER:**    The allegations contained in Paragraph 30 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants deny that the allegations contained in this Paragraph fully or accurately describe each Defendant. Defendants admit only that under certain circumstances, Inpax Shipping, INSS, LLC, and Inpax Final Mile delivered certain packages. To the extent that a further response is required, Defendants deny all remaining allegations contained in this Paragraph.

31.    At all times referenced herein, the Delivery Drivers and/or Delivery Associates employed by Defendants did not cross state lines while performing their deliveries and could not reasonably be expected to be called upon to perform deliveries outside of the state they resided in.

**ANSWER:**    The allegations contained in Paragraph 31 of the Second Amended Complaint constitute legal conclusions to which no response is required. Further responding, Defendants lack knowledge of whether individuals employed by Defendants crossed state lines during the time these individuals were purportedly performing deliveries for Defendants. To the extent a further response is required, Defendants deny the allegations in this Paragraph.

32.    At all times referenced herein, the Delivery Drivers and/or Delivery Associates employed by Defendants operated vehicles weighing under 10,000 lbs.

**ANSWER:**    **Defendants lack knowledge of whether individuals employed by Defendants operated vehicles weighing under 10,000 lbs. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

33.    At all times referenced herein, Defendants operated out of Amazon Fulfillment Centers located around the country.

**ANSWER:**    **Defendants deny that the allegations in Paragraph 33 of the Second Amended Complaint fully or accurately describe each Defendant's business operations and further deny these allegations to the extent that they inaccurately describe same. Further responding, Defendants admit only that Inpax Shipping, INSS, LLC, and Inpax Final Mile performed some business operations out of certain Amazon warehouses but deny that the allegations set forth in this Paragraph fully or accurately describe these warehouses or such operations. To the extent a further response is required, Defendants deny all remaining allegations in this Paragraph.**

13

34. Defendants are incentivized by Amazon to deliver packages as quickly and efficiently as possible.

**ANSWER:** **Defendants deny that the allegations set forth in Paragraph 34 of the Second Amended Complaint fully or accurately describe any incentive(s) offered by Amazon to Defendants or that these allegations fully or accurately describe Defendants' business operations. To the extent a further response is required, Defendants deny all remaining allegations in this Paragraph.**

35. Amazon would review the route times and hours of Delivery Drivers and/or Delivery Associates to determine how quickly and efficiently Defendants operated their business.

**ANSWER:** **Defendants lack knowledge of Amazon's operations and therefore demand strict proof thereof as these operations relate to the allegations in Paragraph 35 of the Second Amended Complaint. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

36. Amazon would decrease the number of packages it gave Defendants to deliver if metrics related to delivery time and efficiency suffered.

**ANSWER:** **Defendants lack knowledge of Amazon's operations and therefore demand strict proof thereof as these operations relate to the allegations in Paragraph 36 of the Second Amended Complaint. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

14

37.    Amazon would increase the number of packages it gave Defendants to deliver if metrics related to delivery time and efficiency improved.

**ANSWER:    Defendants lack knowledge of Amazon's operations and therefore demand strict proof thereof as these operations relate to the allegations in Paragraph 37 of the Second Amended Complaint. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

38.    Upon information and belief, Amazon paid Defendants a fixed amount per route that did not fluctuate if a driver took more or less time to perform the route. As a result, Defendants were incentive to keep their labor costs as low as possible.

**ANSWER:    Defendants deny that Amazon paid one or more of the Defendants at certain times but deny that the allegations in Paragraph 38 accurately or fully reflect such payments. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

39.    The profitability of Defendants' Amazon business was directly tied to controlling the labor costs of performing routes.

**ANSWER:    Defendants admit that certain costs associated with each of their respective businesses impact their respective profit margins but deny that the allegations in Paragraph 39 accurately or fully reflect these costs or profit margins. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

40.     posted [sic] in 2017 and 2018 on Indeed.Com regarding the starting pay for Delivery Drivers by employees from around the County.[1]

**ANSWER:    Defendants are unable to understand and answer the allegations set forth in Paragraph 40 of the Second Amended Complaint and therefore deny the allegations therein. Defendants further deny that any exhibit is attached to the Second Amended Complaint. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

41.     Delivery Drivers and/or Delivery Associates would frequently be asked to perform "rescues" after completing their routes.

**ANSWER:    Defendants admit that certain employees of each Defendant would, on certain occasions, deliver packages independent of their respective initially assigned routes, but deny that the allegations in Paragraph 41 of the Second Amended Complaint fully or accurately describe these activities. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.**

42.     A "rescue" is where the Delivery Driver and/or Delivery Associate meets with another Driver who is behind on delivering their packages and takes several of that Driver's packages to help them complete their route.

**ANSWER:    Defendants admit that Plaintiffs purport to define "rescue" as set forth in Paragraph 42 of their Second Amended Complaint but deny that Plaintiffs fully or accurately describe Defendants' business operations. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.**

---

[1] Exhibit I

43.     Defendants clocked out Delivery Drivers and/or Delivery Associates before they performed "rescues."

**ANSWER:     Defendants deny the allegations contained in Paragraph 43 of the Second Amended Complaint.**

44.     Delivery Drivers and/or Delivery Associates were paid anywhere from $50.00 to $100.00 to perform "rescues." These payments appeared as "Bonus2" on their paystubs.

**ANSWER:     Defendants deny the allegations contained in Paragraph 44 of the Second Amended Complaint.**

45.     Drivers were promised a "Bonus2" payment if they performed a rescue.

**ANSWER:     Defendants deny the allegations contained in Paragraph 45 of the Second Amended Complaint.**

46.     Bonus2 was typically referred to as "rescue pay" by Delivery Drivers and their managers ("Rescue Pay").

**ANSWER:     Defendants lack knowledge as to how Delivery Drivers, as defined by Plaintiffs in the Second Amended Complaint, refer to a Bonus2 payment on their paychecks. Defendants further deny the allegations contained in Paragraph 46 of the Second Amended Complaint.**

47.     Delivery Drivers regularly performed rescues with expectation of being paid Rescue Pay.

**ANSWER:    Defendants lack knowledge regarding any expectation(s) of Delivery Drivers, as defined by Plaintiffs in the Second Amended Complaint. Defendants further deny the allegations contained in Paragraph 47 of the Second Amended Complaint.**

48.    From time to time, Defendants would short drivers on pay and/or would fail to include promised Rescue Pay in Drivers' pay.

**ANSWER:    Defendants deny the allegations in Paragraph 48 of the Second Amended Complaint.**

49.    Defendants also had a practice of sending Delivery Drivers and/or Delivery Associates on "ride-alongs," in which they would ride with and assist other Delivery Drivers in performing a route.

**ANSWER:    Defendants admit that certain of each Defendants' employees would, on very limited occasions, deliver packages in conjunction with other employees, but deny that the allegations in Paragraph 49 of the Second Amended Complaint fully or accurately describe these activities. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.**

50.    Defendants routinely failed to record the hours Delivery Drivers and/or Delivery Associates performed ride-alongs.

**ANSWER:    Defendants deny all allegations in Paragraph 50 of the Second Amended Complaint.**

51.    Defendants routinely failed and refused to pay Delivery Drivers and/or Delivery Associates for doing "ride alongs[.]"

**ANSWER**: Defendants deny that Plaintiffs fully or accurately describe Defendants' business operations through their use of "ride alongs." Nevertheless, Defendants deny all allegations in Paragraph 51 of the Second Amended Complaint.

52.     From time to time, Delivery Drivers and/or Delivery Associates would not have an available route when they appeared for work.

**ANSWER**:   Defendants admit that on very limited occasions certain individuals may or may not have had a route assigned to them when they appeared for work, and Defendants further admit that on these occasions, these individuals were financially compensated for any waiting time. Defendants deny all remaining allegations in Paragraph 52 of the Second Amended Complaint.

53.     Defendants required Delivery Drivers and/or Delivery Associates to wait at their warehouse location for up to three hours in the event an additional route was added or a route became available.

**ANSWER**:   Defendants admit that on very limited occasions certain individuals may or may not have had a route assigned to them when they appeared for work, and Defendants further admit that on these occasions, these individuals were financially compensated for any waiting time. Defendants deny all remaining allegations in Paragraph 53 of the Second Amended Complaint.

54.     Defendants routinely failed to record the hours Delivery Drivers and/or Delivery Associates spent waiting for routes.

**ANSWER:** **Defendants deny all allegations contained in Paragraph 54 of the Second Amended Complaint.**

55. Defendants routinely failed and refused to pay Delivery Drivers and/or Delivery Associates time spent waiting for routes.

**ANSWER:** **Defendants deny all allegations contained in Paragraph 55 of the Second Amended Complaint.**

56. The purpose of under-recording the hours Delivery Drivers and/or Delivery Associates worked served two purposes: to reduce Defendants' overtime obligations, and to improve the statistical data Amazon received from Inpax regarding driver efficiency.

**ANSWER:** **The allegations contained in Paragraph 56 of the Second Amended Complaint contain legal conclusions and inflammatory statements to which no response is required. Further responding, Defendants deny the allegations contained in this Paragraph.**

57. From time to time, Defendants' failure to pay Delivery Drivers for all hours worked would result in a regular rate that fell below the applicable minimum wage.

**ANSWER:** **Defendants deny all allegations in Paragraph 57 of the Second Amended Complaint.**

58. At all times referenced herein, Oberg, Wunsch, and those similarly-situated were not provided with any lunch break.

**ANSWER:**   The allegations contained in Paragraph 58 of the Second Amended Complaint contain legal conclusions to which no response is required. Further responding, Defendants deny the allegations contained in this Paragraph.

59.   At all times referenced herein, Oberg, Wunsch, and those similarly-situated worked through their entire shift.

**ANSWER:**   The allegations contained in Paragraph 59 of the Second Amended Complaint contain legal conclusions to which no response is required. Further responding, Defendants deny the allegations contained in this Paragraph.

60.   Upon information and belief, Defendants regularly deducted time from the paychecks of Oberg, Wunsch, and those similarly-situated for a lunch breaks they did not and could not take.

**ANSWER:**   The allegations contained in Paragraph 60 of the Second Amended Complaint contain legal conclusions to which no response is required. Further responding, Defendants deny the allegations contained in this Paragraph.

61.   Managers from Defendants' Cleveland, Ohio offices contacted Defendants corporate headquarters in Atlanta, Georgia on several occasions about inadequate and incorrect pay, and were ignored.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 61 of the Second Amended Complaint.

62.   Upon information and belief, Defendants routinely withheld the final paychecks of employees whose employment with Defendants ended.

21

**ANSWER:**  **Defendants deny all allegations contained in Paragraph 62 of the Second Amended Complaint.**

63.    Defendant's failure to properly pay Delivery Drivers and/or Delivery Associates is not limited to the Cleveland, Ohio area; complaints by current and former employees about not being paid correctly or at all can be found on www.indeed.com and other websites.[2]

**ANSWER:**  **Defendants deny all allegations contained in Paragraph 63 of the Second Amended Complaint.**

### (Facts Concerning Plaintiff Oberg)

64.    Oberg was initially hired by Defendants in or around November of 2018, when his former employer was acquired by Defendants.

**ANSWER:**  **The allegations in Paragraph 64 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants admit only that on or about November 23, 2018, INSS, LLC hired Oberg. To the extent a further response is required, Defendants deny the remaining allegations in this Paragraph.**

65.    During his employment with Defendants, Oberg typically reported to work at 8:00am.

**ANSWER:**  **The allegations contained in Paragraph 65 of the Second Amended Complaint reflect legal conclusions to which no response is required. Defendants admit that on one occasion, Oberg reported to work at 8:00 AM. Defendants deny all other allegations contained in this Paragraph.**

---

[2] Exhibit "J" to Plaintiff's First Amended Complaint.

66.     Oberg would typically work until 6:00pm to 8:00pm, but occasionally worked until late in the evening.

**ANSWER:     Defendants deny the allegations contained in Paragraph 66 of the Second Amended Complaint.**

67.     On some occasions, Oberg would be out completing deliveries until 10:00pm or later.

**ANSWER:     Defendants deny the allegations contained in Paragraph 67 of the Second Amended Complaint.**

68.     Oberg frequently worked for Defendants four to six days a week.

**ANSWER:     Defendants deny the allegations contained in Paragraph 68 of the Second Amended Complaint.**

69.     Initially, Oberg would record his own hours using a tablet device.

**ANSWER:     Defendants admit that on certain occasions, Oberg recorded his own hours on a tablet device but deny all the remaining allegations in Paragraph 69 of the Second Amended Complaint.**

70.     Soon after Oberg began working for Defendants, Defendants stopped allowing Oberg to record his own hours.

**ANSWER:     Defendants deny all allegations contained in Paragraph 70 of the Second Amended Complaint.**

71.     Defendants would log Oberg in and out using a tablet device; Oberg was not permitted to record his own hours.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 71 of the Second Amended Complaint.

72.  On several occasions, Oberg completed "rescues" after completing his route for the day.

**ANSWER:**  Upon information and belief, Defendants admit that on certain limited occasions, Oberg would deliver packages independent of his initially assigned routes. To the extent a further response is required, Defendants deny the remaining allegations set forth in Paragraph 72 of the Second Amended Complaint.

73.  Upon information and belief, Defendants would log Oberg out before he went to complete "rescues."

**ANSWER:**  Defendants deny all allegations set forth in Paragraph 91 of the Second Amended Complaint.

74.  Oberg would be promised a "rescue bonus" as an incentive to perform "rescues."

**ANSWER:**  Defendants deny all allegations set forth in Paragraph 74 of the Second Amended Complaint.

75.  Oberg had an expectation of receiving a bonus for performing "rescues."

**ANSWER:**  Defendants lack knowledge as to any expectation(s) that Oberg may have had. To the extent a further response is required, Defendants deny all allegations in Paragraph 75 of the Second Amended Complaint.

76.  Defendants did not include Oberg's rescue pay in the calculation of the overtime paid to Wunsch.

24

**ANSWER:  Defendants admit that any work performed by Oberg was not included in any calculation of wages paid to Wunsch. To the extent a further response is required, Defendants deny all allegations in Paragraph 76 of the Second Amended Complaint.**

77.  Defendants did not include the time Oberg spent performing rescues in his pay.

**ANSWER:  Defendants deny all allegations in Paragraph 77 of the Second Amended Complaint.**

78.  Defendants did not include the hours Oberg spent doing "ride-alongs" in his pay.

**ANSWER:  Defendants deny all allegations in Paragraph 78 of the Second Amended Complaint.**

79.  Defendants did not include time Oberg spent waiting for a route in his pay.

**ANSWER:  Defendants deny all allegations in Paragraph 79 of the Second Amended Complaint.**

80.  Oberg was regularly underpaid overtime and/or was not paid for all overtime worked.

**ANSWER:  Defendants deny the allegations contained in Paragraph 80 of the Second Amended Complaint.**

81.  Defendants intentionally undercounted the number of hours Oberg actually worked as part of their scheme to reduce the number of hours of overtime they had to pay to Oberg.

25

**ANSWER:** **Defendants deny all allegations in Paragraph 81 of the Second Amended Complaint.**

82.     In or around February of 2019, Oberg resigned his employment with Defendants.

**ANSWER:** **The allegations in Paragraph 82 of the Second Amended Complaint constitute legal conclusions to which no response is required. Defendants admit that on or about January 24, 2019, Oberg resigned from his employment with INSS LLC. To the extent a further response is required, Defendants deny the allegations set forth in this Paragraph.**

83.     Oberg resigned his employment after police were called on him while he was delivering packages after 10:00pm at night and a resident reported Oberg's truck as suspicious to police.

**ANSWER:** **Defendants lack knowledge as to the motivation behind Oberg's resignation and demand strict proof thereof. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 83 of the Second Amended Complaint.**

84.     Oberg was not charged with any crime but the incident was enough for Oberg to decide that he no longer wanted to work for Defendants.

**ANSWER:** **Defendants lack knowledge as to the motivation behind Oberg's resignation and demand strict proof thereof. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 84 of the Second Amended Complaint.**

### (Facts Concerning Plaintiff Wunsch)

85.     Wunsch was initially hired by Defendants on or about November 25, 2018.

**ANSWER:    Defendants admit that INSS, LLC hired Wunsch on or about November 29, 2018.**

86.     Wunsch frequently worked for Defendants four to six days a week.

**ANSWER:    Defendants deny the allegations contained in Paragraph 86 of the Second Amended Complaint.**

87.     Wunsch typically reported to work at Inpax between 7:30am and 8:00am.

**ANSWER:    Defendants deny the allegations contained in Paragraph 87 of the Second Amended Complaint.**

88.     Defendants would log Wunsch in and out using a tablet device; Wunsch was not permitted to record his own hours.

**ANSWER:    Defendants deny the allegations contained in Paragraph 88 of the Second Amended Complaint.**

89.     On several occasions, Wunsch completed "rescues" after completing his route for the day.

**ANSWER:    Upon information and belief, Defendants admit that on limited occasions, Wunsch may have delivered packages independent of his initially assigned route. To the extent a further response is required, Defendants deny the remaining allegations set forth in Paragraph 89 of the Second Amended Complaint.**

90. Upon information and belief, Defendants would log Wunsch out before he went to complete "rescues."

**ANSWER:** **Defendants deny all allegations set forth in Paragraph 90 of the Second Amended Complaint.**

91. Wunsch would be promised a "rescue bonus" as an incentive to perform "rescues."

**ANSWER:** **Defendants deny all allegations set forth in Paragraph 91 of the Second Amended Complaint.**

92. Wunsch had an expectation of receiving a bonus for performing "rescues."

**ANSWER:** **Defendants lack knowledge as to any expectation(s) that Wunsch may have had. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 92 of the Second Amended Complaint.**

93. Defendants did not include Wunsch's rescue pay in the calculation of the overtime paid to Wunsch.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 93 of the Second Amended Complaint.**

94. Defendants did not include the time Wunsch spent performing rescues in his pay.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 94 of the Second Amended Complaint.**

95. Defendants did not include the hours Wunsch spent doing "ride-alongs" in his pay.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 95 of the Second Amended Complaint.**

96.    Defendants did not include time Wunsch spent waiting for a route in his pay.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 96 of the Second Amended Complaint.**

97.    Wunsch was regularly underpaid overtime and/or was not paid for all overtime worked.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 97 of the Second Amended Complaint.**

98.    Defendants intentionally undercounted the number of hours Wunsch actually worked as part of their scheme to reduce the number of hours of overtime they had to pay to Oberg.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 98 of the Second Amended Complaint.**

**(Defendant's Violations Of The FLSA Were Willful, Reckless, And Committed Without A Good Faith Belief That Such Conduct Was Lawful).**

99.    In 2016, Defendants were sued by an employee named Artimmeo Williamson in the Northern District Court of Illinois for violations of the FLSA and Illinois wage and hour laws. That case was called *Artimmeo Williamson v. Inpax Shipping Solutions, LLC*, No. 1:16cv10745 ("Williamson Litigation").

**ANSWER:** **The allegations contained in Paragraph 99 of the Second Amended Complaint constitute legal conclusions to which no response is required. Defendants admit**

only that on November 18, 2016, Artimmeo Williamson initiated a lawsuit against Inpax Shipping Solutions, LLC, in the Northern District of Illinois, previously pending as *Artimmeo Williamson v. Inpax Shipping Solutions, LLC*, case no. 1:16cv10745. Defendants admit that a complaint was filed in this lawsuit but deny that the allegations contained in this Paragraph fully or accurately describe same. Defendants deny all remaining allegations in this Paragraph and further deny that the allegations in the *Williamson* litigation had any merit whatsoever.

100.     In the *Williamson* Litigation, the plaintiff alleged that he had "not been paid the overtime premium of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual work week."

**ANSWER:     Defendants deny that they were named as defendants in the *Williamson* Litigation and further deny all of the allegations contained in Paragraph 101 of the Second Amended Complaint.**

101.     Defendants did not contest the *Williamson* litigation, instead tendering an offer of judgment.

**ANSWER:     Defendants deny that any of them were named a defendant in the *Williamson* litigation and therefore deny all allegations contained in Paragraph 101 of the Second Amended Complaint.**

102.     Defendants persisted in maintaining unlawful compensation policies as to Plaintiffs and those similarly-situated even after the *Williamson* litigation had concluded and Defendants had conceded that they violated the FLSA.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 102 of the Second Amended Complaint.**

103.    In or around 2015, the DOL determined that Inpax had violated the FLSA.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 103 of the Second Amended Complaint.**

104.    In or around 2016, the DOL again determined that Inpax "willfully violated 29CFR578 of not paying proper overtime. The violations are on the face of the records of the employer not paying proper overtime due to how he was paying bonuses" in connection with a new investigation.

**ANSWER:** **Defendants lack knowledge of the allegations made in Paragraph 104 of the Second Amended Complaint and demand strict proof thereof. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

105.    In connection with the 2016 investigation, the DOL further determined that Inpax had failed to keep proper records of hours worked by "courier drivers."

**ANSWER:** **Defendants deny the allegations contained in Paragraph 6105 of the Second Amended Complaint.**

106.    In 2017, the DOL again found that Inpax had violated the FLSA, finding that "ER was paying OT at the wrong rate."

**ANSWER:** **Defendants lack knowledge of the allegations made in Paragraph 106 of the Second Amended Complaint and demand strict proof thereof. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

31

107.    As part of its 2017 investigation, the DOL again found that Inpax had failed to keep proper time records.

**ANSWER:    Defendants deny the allegations made in Paragraph 107 of the Second Amended Complaint.**

108.    Defendants were regularly made aware of complaints by employees that Delivery Drivers and/or Delivery Associates were not being paid correctly, yet Defendants took no steps to address these concerns.

**ANSWER:    Defendants deny the allegations made in Paragraph 108 of the Second Amended Complaint.**

109.    Upon information and belief, Defendants regularly and intentionally withheld the final paychecks of Delivery Drivers and/or Delivery Associates.

**ANSWER:    Defendants deny all allegations in Paragraph 109 of the Second Amended Complaint.**

110.    Defendants conduct evidences a concerted, intentional and willful effort to frustrate and circumvent the minimum wage and overtime requirements of the FLSA.

**ANSWER:    Defendants deny the allegations made in Paragraph 110 of the Second Amended Complaint.**

111.    Defendants violations of the FLSA are so egregious and intentional that Defendants could not and did not maintain a good faith belief that their conduct complied with the FLSA.

32

**ANSWER:** **Defendants deny the allegations made in Paragraph 111 of the Second Amended Complaint.**

## FLSA COLLECTIVE ACTION ALLEGATIONS

112.    Plaintiffs incorporates by reference the allegations in the preceding paragraphs.

**ANSWER:** **Defendants incorporate by reference the answers in the preceding paragraphs.**

113.    Plaintiffs brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly-situated individuals who are part of the following class:

> All current and former Delivery Drivers, Delivery Associates, or other substantially similar positions who were employed by Inpax Shipping Solutions Inc., INSS, LLC, Inpax Final Mile Delivery Inc., and/or Leonard Wright at any time between May 15, 2016 and April 27, 2019 as a delivery driver operating non-freight vehicles, delivering packages for Amazon.com.

**ANSWER:** **The allegations contained in Paragraph 113 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants further deny that this lawsuit is properly brought as a collective action or that Plaintiffs are entitled to certification of the collective as set forth in this Paragraph. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.**

114.    Collective Action treatment of Plaintiffs' FLSA claim is appropriate because Plaintiffs and the FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 29-63, supra, and the success of their claims depends on the resolution of common issues of law and fact, including, inter alia, whether Defendants'

33

enterprise-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

**ANSWER:** **The allegations contained in Paragraph 114 of the Second Amended Complaint contain legal conclusions to which no response is required. Defendants further deny that this lawsuit is properly brought as a collective action or that Plaintiffs are entitled to certification of the collective as set forth in Paragraph 113 of the Second Amended Complaint. To the extent a further response is required, Defendants deny the allegations contained in this Paragraph.**

## COUNT I: FAILURE TO PAY MIMIMUM WAGE IN VIOLATION OF THE FLSA (29 U.S.C. § 206).

115.    Plaintiffs Scott Oberg and William Wunsch restate each and every prior paragraph, as if fully restated herein, and further alleges as follows:

**ANSWER**: **Defendants restate each and every prior Paragraph of their Answer, as if each were fully restated herein.**

116.    Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages.

**ANSWER:** **The allegations in Paragraph 116 of the Second Amended Complaint purport to describe a statute that speaks for itself. Further responding, Defendants deny all allegations in this Paragraph to the extent that they are inconsistent with the FLSA and further deny that the allegations in this Paragraph fully or accurately describe the FLSA.**

117.    Defendants willfully failed and/or refused to pay Plaintiffs and the Collective the federal minimum wages required by the FLSA, in amounts to be proven at trial.

**ANSWER:** **Defendants deny the allegations made in Paragraph 117 of the Second Amended Complaint.**

118. Defendants either recklessly failed to investigate whether their failure to pay Plaintiffs and the Collective at least a minimum wage for all of the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiffs and the Collective to believe that Defendants were not required to pay them at least a minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiffs and the Collective the minimum wage pay they earned.

**ANSWER:** **Defendants deny the allegations made in Paragraph 118 of the Second Amended Complaint.**

119. Defendants have failed to make, keep, and preserve records with respect to Plaintiffs and the Collective sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

**ANSWER:** **Defendants deny the allegations made in Paragraph 119 of the Second Amended Complaint.**

120. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**ANSWER:** **Defendants deny the allegations made in Paragraph 120 of the Second Amended Complaint.**

121.    Plaintiffs requests recovery of attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

**ANSWER:    Defendants deny that Plaintiffs or their proposed collective are entitled to recovery of any attorneys' fees as demanded in Paragraph 121 of the Second Amended Complaint. Defendants deny all remaining allegations in this Paragraph.**

**COUNT II: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
(29 U.S.C. § 207).**

122.    Plaintiffs Scott Oberg and William Wunsch restate each and every prior paragraph, as if fully restated herein, and further alleges as follows:

**ANSWER: Defendants restate each and every prior Paragraph of their Answer, as if each were fully restated herein.**

122.    The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

**ANSWER:    The allegations contained in Paragraph 122 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this Paragraph. Defendants further deny that the allegations in this Paragraph accurately or completely describe the FLSA.**

123.    Plaintiffs were not exempt from the right to receive overtime pay under the FLSA.

**ANSWER:    The allegations contained in Paragraph 123 of the Second Amended Complaint constitute legal conclusions to which no response is required and deny that the**

allegations set forth in this Paragraph accurately or completely describe the FLSA. To the extent a further response is required, Defendants deny the allegations in this Paragraph.

124.    Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

**ANSWER:    The allegations contained in Paragraph 124 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations in this Paragraph.**

125.    At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay all overtime due to Delivery Drivers.

**ANSWER:    Defendants deny the allegations made in Paragraph 125 of the Second Amended Complaint.**

126.    At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to include Rescue Pay in the calculation of overtime due to Delivery Drivers.

**ANSWER:    Defendants deny the allegations made in Paragraph 126 of the Second Amended Complaint.**

127.    As a result of Defendants' failure to properly compensate their Delivery Drivers, including Plaintiffs, at a rate not less than 1.5 times the regular rate of pay for all work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

**ANSWER:    Defendants deny the allegations made in Paragraph 127 of the Second Amended Complaint.**

128.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiffs and the Collective an overtime wage for all of the overtime hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiffs and the Collective to believe that Defendants were not required to pay them overtime wages for all overtime worked and/or to include Rescue Pay in the calculation of overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiffs and the Collective of the overtime pay they earned.

**ANSWER:     Defendants deny the allegations made in Paragraph 128 of the Second Amended Complaint.**

129.     Defendants have failed to make, keep, and preserve records with respect to Plaintiffs and the Collective sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

**ANSWER:     Defendants deny the allegations made in Paragraph 129 of the Second Amended Complaint.**

130.     Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**ANSWER:     Defendants deny the allegations made in Paragraph 130 of the Second Amended Complaint.**

131.     Plaintiffs and the Collective are entitled to damages in the amount of their unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b),

and other such legal and equitable relief as the Court deems just and proper, including their attorneys' fees and costs.

**ANSWER:    Defendants deny the allegations made in Paragraph 131 of the Second Amended Complaint.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Scott Oberg and William Wunsch respectfully request relief against Defendants as set forth below:

a. Designating this action as a collective action on behalf of Plaintiff and the Collective they represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiffs SCOTT OBERG and WILLIAM WUNSCH as the representative for the Collective;

c. Awarding Plaintiff and the Collective unpaid minimum wages and unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff and Class members in an amount to be determined at trial;

e. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*.;

f. Issuing a declaratory judgment that any Class Action Waiver signed by any putative plaintiff is unenforceable as a matter of law pursuant to §1 of the Federal Arbitration Act;

g. Awarding pre-judgment and post-judgment interest as provided by law;

h. Awarding reasonable attorneys' fees and costs; and

    i.   Awarding such other and further relief that this Court deems appropriate.

**ANSWER:** **Defendants admit that Plaintiffs pray for the relief set forth in Paragraphs a-i of their Prayer for Relief but deny that Plaintiffs and the members of the proposed collective are entitled to any such relief.**

## JURY DEMAND

Plaintiffs Scott Oberg and William Wunsch demand a trial by jury by the maximum number of jurors permitted.

**ANSWER:** **Defendants admit that Plaintiffs demand a trial by jury but deny that the claims of Plaintiffs and the proposed collective are so triable.**

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants generally deny all of the allegations in the Second Amended Complaint except for those that they specifically admit.

## AFFIRMATIVE DEFENSES

1.    To the extent Plaintiffs seek a nationwide collective action, Plaintiffs (or any purported similarly situated individuals) cannot establish liability against Defendants to the extent that they did not respectively have an employment relationship with such individuals. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

2.    To the extent Plaintiffs seek a nationwide collective action, Plaintiffs (or any purported similarly situated individuals) cannot establish that each of the Defendants were their

employer(s) under the FLSA. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

3.      Plaintiffs and all alleged similarly situated individuals were all financially compensated as entitled under applicable law. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

4.      Plaintiffs are not entitled to a three-year statute of limitations because Plaintiffs cannot prove any alleged violation of the FLSA by any of the Defendants that was willful or involved a reckless disregard as to whether any conduct violated the FLSA. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

5.      Plaintiffs cannot meet all the requirements required to bring a nationwide collective action under the FLSA against any of the Defendants. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

6.      Plaintiffs cannot establish a nationwide collective action under the FLSA because not all members of the putative class action are similarly situated. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

7.      To the extent Plaintiffs can establish that the Defendants violated the FLSA, which Defendants adamantly dispute, Plaintiffs' claims are barred to the extent that they seek recovery for time that they did not actually work. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

8.      To the extent Plaintiffs can establish that the Defendants violated the FLSA, which Defendants adamantly dispute, Plaintiffs' claims are barred to the extent that they seek recovery for time that is not compensable under the FLSA. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

9.      To the extent Plaintiffs can establish that the Defendants violated the FLSA, which Defendants adamantly dispute, Plaintiffs' claims are barred to the extent that they seek recovery for time that they were already respectively compensated for under the FLSA. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

10.     To the extent Plaintiffs can establish that the Defendants violated the FLSA, which Defendants adamantly dispute, Defendants respectively had a good faith belief and reasonable grounds for believing that its actions complied with applicable law, and that they respectively did not willfully or intentionally violate the law. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

11.     Plaintiffs lack standing and cannot represent the interests of others purportedly "similarly situated." This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

12.     The Court lacks personal jurisdiction over the FLSA claims of non-Ohio putative collective action members against Defendants. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

13.     Plaintiffs' claims and/or the claims of the putative collective action members are barred to the extent that they arose outside the applicable statute of limitations. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

14.     Plaintiffs and/or the putative collective action members cannot state a claim for overtime pay under the FLSA during the workweek in which Plaintiffs and/or the putative collective members worked fewer than forty (40) compensable hours. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

15.     To the extent Plaintiffs can establish that the Defendants violated the FLSA, which Defendants adamantly dispute, Defendants are entitled to set-off(s) for any amounts already paid in wages to which the Plaintiffs and/or any putative collective action members were not entitled, including, without limitation, for hours during which they were not working. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

16.     Plaintiffs' claims and/or the claims of the putative collective action members are barred, in whole or in part, by the doctrine of res judicata, equitable doctrines of laches, waiver, unclean hands, and/or collateral estopped. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

17.     The types of claims alleged by Plaintiffs, on their own behalves, and the putative collection members are matters in which individual questions predominate, and, accordingly, are

43

not appropriate for collective action treatment. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

18.     To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Porta Act, 29 U.S.C. § 260. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

19.     Plaintiffs' claims are barred in whole or in part to the extent that the work Plaintiffs purportedly performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA including those provided for in 29 U.S.C. §§ 207, 213. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

20.     Defendants, at all times, acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

21.     Plaintiffs were not "employees" of all Defendants as defined by the FLSA. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

22.     All Defendants were not "employers" of Plaintiffs as defined by the FLSA. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

23.     Even if Defendants, in fact, failed to pay Plaintiffs appropriately for any of the activities alleged in Plaintiffs' Second Amended Complaint, to the extent that such activities do not constitute compensable work under the FLSA, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment, they are not compensable. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

24.     Plaintiffs' claims are barred in whole or in part by Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary to their principal activities or incidental to them. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

25.     Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

26.     Plaintiffs are not entitled to equitable relief insofar as Plaintiffs seek an adequate remedy at law. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

27. Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendants. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

28. Assuming, *arguendo*, Defendants violated any provision of the FLSA, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

29. Defendants have not willfully failed to pay Plaintiffs any wages and/or monies due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

30. The Second Amended Complaint is barred, in whole or in part, to the extent that the claims therein have been released, waived, discharged, and/or abandoned. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

31. The Second Amended Complaint fails to state a claim upon which relief may be granted. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

32. This case may not be maintained as a collective action because Plaintiffs are not adequate representations for the persons whom they seek to represent. There being no appropriate representatives, Plaintiffs' collective action allegations must be stricken, and their

46

collective action claims dismissed. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

33.     There are no employees of Defendants who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b). This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

34.     To the extent that discovery reveals that Plaintiffs falsely reported their hours, and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

35.     Plaintiffs' action is barred by the doctrine of payment, partial or whole. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

36.     Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of the stated claims to the extent such interest is not permitted by the applicable statute. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

37.     The Court does not have proper jurisdiction or venue over Defendants operations in Illinois, or the employees associated with same, as of October 29, 2019. This defense also may apply to the claims of some or all of the proposed collective of allegedly similarly-situated persons.

Defendants reserve their rights to further assert affirmative defenses as they become evident in the course of litigation up to (and including) the date of final hearing, in addition to the filing of any counterclaims as warranted.

**WHEREFORE,** Inpax Shipping Solutions Inc., INSS, LLC, Inpax Final Mile Delivery Inc., and Leonard Wright demand that the claims raised against them in Plaintiffs' Amended Complaint be dismissed with prejudice, that judgment be entered in Defendants' favor, and that Defendants recover their costs and expenses, including reasonable attorneys' fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

Dated: December 6, 2019

Attorneys for Defendants Inpax Shipping
Solutions Inc., INSS LLC,
Inpax Final Mile Delivery Inc., and
Leonard Wright

/s/Stefan R. Dandelles
Stefan R. Dandelles (admitted *pro hac vice*)
Aaron Solomon (admitted *pro hac vice*)
Jean Y. Liu (admitted *pro hac vice*)
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle St., Ste. 2100
Chicago, Illinois 60603
Phone: (312) 759-1400
Fax: (312) 759-0402
sdandelles@kdvlaw.com

48

asolomon@kdvlaw.com
jliu@kdvlaw.com

4850-6877-8158, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I, Jordan A. Shipp, hereby certify that Defendants Inpax Shipping Solutions Inc., INSS LLC, Inpax Final Mile Delivery Inc, And Leonard Wright's Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint was filed electronically on December 6, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated:  December 6, 2019

Respectfully submitted,

/s/ Jordan A. Shipp
Jordan A. Shipp

4850-6877-8158, v. 1